**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re DEBORA K. RANKIN, | ) | Case No. 12-62338-LYN |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | M-16 |

**MEMORANDUM and ORDER**

On October 12, 2012, the debtor filed a petition initiating the above-styled chapter 7 case. On October 26, 2012, the debtor filed a motion seeking to "set a fair and reasonable deposit for water in the City of Lynchburg[,] Virginia", to enjoin "any further collection for any and all past due amounts" and to enjoin "any disconnection of services."

A hearing was held on November 29, 2012, at which non-attorney representatives appeared on behalf of the City of Lynchburg. At the hearing it was determined that the City of Lynchburg had made no effort to collect any pre-petition debt, that the debtor owed the City of Lynchburg less than $10.00 for post-petition water services, and that the City of Lynchburg had no intention of collecting a deposit from the debtor unless the debtor became significantly delinquent in the future on the amount owed to the City of Lynchburg. The Debtor expressed her intent to pay the post-petition amount owed to the City of Lynchburg.

Because the City does not intend to collect a deposit at this time, there is no need to set a deposit amount.

Because the automatic stay under 11 U.S.C. § 362(a) is in effect and because the discharge injunction under 11 U.S.C. § 524(c)(2) will be in effect upon the expiration of the automatic stay, there is no need to issue an order enjoining the City of Lynchburg from attempting to collect any

1

dischargeable debt arising pre-petition.

Finally, this Court does not have jurisdiction over the post-petition disconnection policies or decisions of the City of Lynchburg.

## **ORDER**

For the reasons stated above, the motion of the Debtor to set a fair and reasonable deposit for water in the City of Lynchburg, Virginia, to enjoin any further collection for any and all past due amounts and to enjoin "any disconnection of services shall be, and hereby is, denied.

So ORDERED.

Upon entry of this Order the Clerk shall forward a copy to the City of Lynchburg, the Chapter 7 trustee and the Debtor.

Entered on this 12th day of December, 2012.

_____
William E. Anderson
United States Bankruptcy Judge