UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

In re DEBORA K. RANKIN,            )   Case No. 12-62338-LYN
                                   )
         Debtor,                   )   Chapter 7
                                   )   M-17

## MEMORANDUM and ORDER

On October 12, 2012, the Debtor filed a petition initiating the above-styled chapter 7 case. She scheduled Appalachian Electric Power as an unsecured creditor in the approximate amount of $311.00.  The Debtor receives a total monthly gross income in the amount of $1,870.20 from SSI, "widowed benefit[s]", and a small pension.

On October 26, 2012, the Debtor filed a motion.  The Court interprets the *pro se* pleading to seek an order directing the refund of the Debtor's pre-petition deposit paid to Appalachian Electric Power, directing Appalachian Electric Power to use said pre-petition deposit as a post-petition deposit for twelve months, and directing Appalachian Electric Power to refrain from any future disruption of service.

A hearing was held on November 29, 2012.  No one appeared on behalf of Appalachian Electric Power.  It appears that Appalachian Electric Power has offset the debtor's pre-petition deposit against her unpaid pre-petition debt.   It further appears that Appalachian Power Co. has, in accordance with its policy, established a new account in the Debtor's name and has asked her for an additional deposit in order to ensure payment for post-petition electric service.  It further appears that Appalachian Electric Power has attempted to collect a post-petition deposit and informed the Debtor that it would discontinue service if she did not comply with that request.

**The Debtor has provided no legal basis for requiring Appalachian Electric Power to refund the debtor's pre-petition deposit or use the same as a deposit to secure post-petition payment for services. Nor is the court aware of any such basis. Accordingly, the motion to compel Appalachian Electric Power to transfer the deposit on the Debtor's pre-petition account to her post-petition account will be denied.**

**The Debtor has also asked this court to enjoin Appalachia Electric Power from requiring any further deposit on her post-petition account or disconnecting her service if she fails to pay any such deposit. While the Court is not aware of any law that prohibits Appalachian Electric Power from making demand for a post-petition deposit or discontinuing service if she fails to pay such a deposit, it is concluded that a hearing on the matter is appropriate. Consequently, a hearing shall be held on January 17, 2013, at 10:00 a.m., in the Bankruptcy Court Room, 1101 Court Street, Lynchburg, Virginia, 24504.**

**Appalachian Electric Power will be enjoined from requiring any deposit or disconnecting the Debtor's electrical service until further order of this court, which order shall issue pursuant to the hearing to be held on January 17, 2013.**

**ORDER**

**For the reasons stated above, the motion of the Debtor for an order directing the refund of the debtor's pre-petition deposit paid to Appalachian Electric Power, directing Appalachian Electric Power to use said pre-petition deposit as a post-petition deposit for twelve months shall be, and hereby is, denied.**

**A hearing concerning the Debtor's post petition deposit shall be held on January 17, 2013 at 10:00 a.m., before this court in the bankruptcy courtroom. Appalachian Electric**

**Power shall refrain from disconnecting the Debtor's electric service until that time. The parties are encouraged to resolve this matter in the interim.**

**The parties shall inform the Court if they are able to resolve this matter before that date.**

**So ORDERED.**

**Upon entry of this Order the Clerk shall forward a copy to Appalachian Electric Power, the Chapter 7 trustee and the Debtor.**

**Said service upon Appalachian Electric Power shall be effected by first class mail at:**

> **Appalachian Electric Power**
> **P.O. Box 2021**
> **Roanoke, Virginia 24002-2121**

**Said Service upon Appalachian Electric Power shall also be effect by email at:**

> **GTHOLLAND@AEP.COM**

**Entered on this 12th day of December, 2012.**

_____
**William E. Anderson**
**United States Bankruptcy Judge**

3